**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION No. 6:18-CV-356-ADA |
| | ) | |
| ANALOG DEVICES, INC., MARVELL | ) | JURY TRIAL DEMANDED |
| INTERNATIONAL, LTD., MARVELL | ) | |
| TECHNOLOGY GROUP LTD., | ) | |
| MEDIATEK INC., MEDIATEK USA INC., | ) | |
| QUALCOMM INCORPORATED, and | ) | |
| QUALCOMM TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANALOG DEVICES, INC.'S FIRST AMENDED ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Analog Devices, Inc. ("Analog"), by and through its undersigned counsel, hereby amends its response to the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff American Patents LLC ("American Patents"). For the sake of convenience, Analog incorporates the headings appearing in the Complaint. Analog does not admit any allegation made in, or inference suggested by, such headings, and specifically denies the same. Analog denies all allegations in the Complaint that are not expressly admitted below.

**PARTIES**

1.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies same.

2.      Analog admits that it is a Massachusetts corporation, and that CT Corp System, located at 1999 Bryan Street, Suite 900, Dallas, TX 75201 is a registered agent for service for certain purposes. Analog denies any remaining allegations in paragraph 2.

3.      Analog denies the allegations of paragraph 3.

4.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 4, and therefore denies same.

5.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 5, and therefore denies same.

6.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 6, and therefore denies same.

7.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 7, and therefore denies same.

8.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 8, and therefore denies same.

9.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 9, and therefore denies same.

10.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 10, and therefore denies same.

11.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 11, and therefore denies same.

12.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 12, and therefore denies same.

13.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 13, and therefore denies same.

14.      Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 14, and therefore denies same.

15.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies same.

16.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies same.

17.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies same.

18.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore denies same.

19.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19, and therefore denies same.

20.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20, and therefore denies same.

21.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 21, and therefore denies same.

22.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 22, and therefore denies same.

23.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 23, and therefore denies same.

24.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore denies same.

25.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 25, and therefore denies same.

26.     Analog is without sufficient knowledge or information to form a belief as to the

truth or falsity of the allegations of paragraph 26, and therefore denies same.

27.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 27, and therefore denies same.

## JURISDICTION AND VENUE

28.     Analog admits that this is an action alleging infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-85.  Analog further admits that this Court has subject matter jurisdiction over patent actions generally under 28 U.S.C. §§ 1331 and 1338(a).  Analog denies any remaining allegations of paragraph 28.

29.     For purposes of this action only, Analog admits that it is subject to this Court's personal jurisdiction. With regard to the remaining allegations of paragraph 29 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, either in this District or otherwise.  With regard to the allegations of paragraph 29 against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

30.     For purposes of this action only, Analog admits that venue is proper in this District. Analog further admits that it has a place of business in this District at 8500 N. Mopac, Suite 603, Austin, Texas 78759.  With regard to any remaining allegations of paragraph 30, Analog denies those allegations, including that Analog has committed any acts of patent infringement, either in this District or otherwise.

31.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 31, and therefore denies same.

32.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 32, and therefore denies same.

33.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 33, and therefore denies same.

34.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34, and therefore denies same.

35.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore denies same.

<u>**BACKGROUND**</u>

36.     Analog denies American Patents' characterization of the patents-in-suit, and any alleged technology disclosed therein.  Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 36, and therefore denies same.

37.     Analog denies American Patents' characterization of the state of the art prior to the patents-in-suit, and denies any remaining allegations of paragraph 37.

38.     Analog denies American Patents' characterization of the patents-in-suit, and any alleged technology disclosed therein.  Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 38, and therefore denies same.

<u>**COUNT I**</u>

<u>**DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,507,293**</u>

39.     Analog admits that the face of U.S. Patent No. 6,507,293 ("the '293 Patent") states that the United States Patent and Trademark Office issued the '293 Patent on January 14, 2003, and that the title of the '293 Patent is "Processing Circuit And Method For Variable-Length Coding And Decoding."  Analog denies the remaining allegations of paragraph 39, including that the '293

Patent was duly and legally issued.

40.    Analog denies the allegations of paragraph 40.

41.    Analog admits that it has offered for sale the ADSP-SC584 series processors. Analog denies the remaining allegations of paragraph 41.

42.    Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 42, and therefore denies same.

43.    Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43, and therefore denies same.

44.    Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44, and therefore denies same.

45.    With regard to the allegations in paragraph 45 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

46.    With regard to the allegations in paragraph 46 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

47.    With regard to the allegations in paragraph 47 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

48.    With regard to the allegations in paragraph 48 against Analog, Analog denies those

allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

49.     With regard to the allegations in paragraph 49 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

50.     With regard to the allegations in paragraph 50 against Analog, Analog admits that it did not have notice of the '293 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

51.     With regard to the allegations in paragraph 51 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

52.     Analog denies the allegations of paragraph 52.

## COUNT II

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,587,058

53.     Analog admits that the face of U.S. Patent No. 6,587,058 ("the '058 Patent") states that the United States Patent and Trademark Office issued the '058 Patent on July 1, 2003, and that the title of the '058 Patent is "Processing Circuit And Method For Variable-Length Coding And Decoding."  Analog denies the remaining allegations of paragraph 53, including that the '058 Patent was duly and legally issued.

54.     Analog denies the allegations of paragraph 54.

55.     Analog admits that it has offered for sale the ADSP-SC584 series processors. Analog denies the remaining allegations of paragraph 55.

56.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 56, and therefore denies same.

57.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57, and therefore denies same.

58.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 58, and therefore denies same.

59.     With regard to the allegations in paragraph 59 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

60.     With regard to the allegations in paragraph 60 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

61.     With regard to the allegations in paragraph 61 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

62.     With regard to the allegations in paragraph 62 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to

the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

63.     With regard to the allegations in paragraph 63 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

64.     With regard to the allegations in paragraph 64 against Analog, Analog admits that it did not have notice of the '058 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

65.     With regard to the allegations in paragraph 65 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

66.     Analog denies the allegations of paragraph 66.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,262,720

67.     Analog admits that the face of U.S. Patent No. 7,262,720 ("the '720 Patent") states that the United States Patent and Trademark Office issued the '720 Patent on August 28, 2007, and that the title of the '720 Patent is "Processing Circuit And Method For Variable-Length Coding And Decoding."  Analog denies the remaining allegations of paragraph 67, including that the '720 Patent was duly and legally issued.

68.     Analog denies the allegations of paragraph 68.

69.     Analog admits that it has offered for sale the ADSP-SC584 series processors. Analog denies the remaining allegations of paragraph 69.

70.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 70, and therefore denies same.

71.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 71, and therefore denies same.

72.     Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 72, and therefore denies same.

73.     With regard to the allegations in paragraph 73 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

74.     With regard to the allegations in paragraph 74 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

75.     With regard to the allegations in paragraph 75 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

76.     With regard to the allegations in paragraph 76 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information

to form a belief as to the truth or falsity of those allegations, and therefore denies same.

77.     With regard to the allegations in paragraph 77 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

78.     With regard to the allegations in paragraph 78 against Analog, Analog admits that it did not have notice of the '720 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

79.     With regard to the allegations in paragraph 79 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

80.     Analog denies the allegations of paragraph 80.

81.     With regard to the allegations in paragraph 81 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

82.     With regard to the allegations in paragraph 82 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and

therefore denies same.

83.     With regard to the allegations in paragraph 83 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

84.     With regard to the allegations in paragraph 84 against Analog, Analog denies those allegations.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

85.     With regard to the allegations in paragraph 85 against Analog, Analog denies those allegations.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

86.     With regard to the allegations in paragraph 86 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

87.     With regard to the allegations in paragraph 87 against Analog, Analog denies those allegations, including that Analog has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, Analog is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and

therefore denies same.

## JURY DEMAND

Analog admits that this paragraph contains a demand for jury trial to which no response is required.  Analog also demands a trial by jury.

## PRAYER FOR RELIEF

Analog specifically denies any factual assertions contained in the prayer for relief and further denies that American Patents is entitled to any relief sought in its prayer for relief.

## ANALOG'S AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, and subject to its responses above, Analog asserts the following defenses, upon information and belief, in response to the allegations of the Complaint.  Regardless of how such defenses are listed herein, Analog undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.  Analog expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as additional information becomes available through further investigation and discovery.

### First Affirmative Defense
### (Non-Infringement)

Analog has not infringed and does not infringe, directly, indirectly, literally or by the doctrine of equivalents, or in any other manner any valid and enforceable claim of the '293, '058, and/or '720 Patents.  For example, and without limitation, asserted claim 7 of the '293 Patent requires "a getbits processing engine operable to reverse the order of a group of consecutive data bits."  However, the accused Analog products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.  Similarly, asserted claim 1 of the '058 Patent requires a "getbits processing engine."   However, the accused Analog products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine

of equivalents.  Finally, asserted claim 1 of the '720 Patent requires a "special-purpose processing unit" that "is operable to: address a memory location with a value stored in a symbol register; retrieve an address from the addressed location; and store the retrieved address in the symbol register."  However, the accused Analog products identified in the Complaint do not meet these claim limitations, either literally, or under the doctrine of equivalents.

### Second Affirmative Defense
### (Invalidity)

One or more claims of the '293, '058, and/or '720 Patents are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.  For example, and without limitation, asserted claim 7 of the '293 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.  Similarly, asserted claim 1 of the '058 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.   Finally, asserted claim 1 of the '720 Patent is anticipated and/or rendered obvious by commercial products such as the Motorola MC68020 and a MC68881 processors.

### Third Affirmative Defense
### (Prosecution History Estoppel)

By reason of statements, representations, admissions, concessions, arguments, omissions and/or amendments made by and/or on behalf of the applicants during the prosecution of the applications that led to the issuance of the '293, '058, and '720 Patents, American Patents' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

**Fourth Affirmative Defense**
**(Statutory Limit on Damages)**

American Patents' claims for damages and/or costs are statutorily limited by 35 U.S.C. §§ 286-287.  Specifically, on information and belief, any claim for pre-suit damages is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

**Fifth Affirmative Defense**
**(Express License, Implied License, and Patent Exhaustion)**

American Patents' claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, or patent exhaustion.  More specifically, American Patents' claims for damages for infringement are limited or entirely foreclosed to the extent that allegedly infringing components and/or products are supplied, directly or indirectly, to Analog by an entity or entities having a license to the '293, '058, and/or '720 Patents, or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '293, '058, and/or '720 Patents.  Moreover, American Patents' claims are precluded under the doctrine of patent exhaustion.

**Sixth Affirmative Defense**
**(Equitable Defenses)**

American Patents' claims are barred, in whole or in part, by the doctrines of waiver, implied waiver, acquiescence, equitable estoppel, unclean hands and/or other equitable remedies.

**Seventh Affirmative Defense**
**(Government Use)**

To the extent that any accused Analog product has been used or manufactured by or for the United States Government, American Patents' claims and demands for relief are barred by 28 U.S.C. § 1498.

**Eighth Affirmative Defense**
**(Lack of Standing)**

American Patents lacks the requisite standing to bring an action for infringement of the '293, '058, and/or '720 Patents against Analog, as American Patents is not the owner, by assignment, of any of the '293, '058, or '720 Patents.

**Reservation of Remaining Defenses**

Analog reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist or in the future be available based on discovery and/or other factual investigation in the case.

## ANALOG DEVICES, INC.'S COUNTERCLAIMS

1.      This is an action seeking declaratory judgements of non-infringement and invalidity of U.S. Patent No. 6,507,293 ("the '293 Patent"), U.S. Patent No. 6,587,058 ("the '058 Patent"), and U.S. Patent No. 7,262,720 ("the '720 Patent").

## THE PARTIES

2.      Counterclaimant Analog Devices, Inc. ("Analog") is a Massachusetts corporation with a place of business at 8500 N. Mopac, Suite 603, Austin, Texas 78759.

3.      Upon information and belief, Counterclaim Defendant American Patents LLC ("American Patents") is a Texas limited liability company with its principal place of business at 2325 Oak Alley, Tyler, Texas 75703.

4.      American Patents has submitted to the personal jurisdiction of this Court by bringing the present action against Analog.

5.      This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100, et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual justiciable controversy between Analog and American Patents.  This Court has subject matter

16

jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

6.    To the extent venue is proper in the underlying patent infringement action, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391 and 1400(b).  However, Analog reserves the right to move to transfer venue in the underlying patent infringement action to a more convenient judicial district irrespective of the allegations in these Counterclaims.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '293 Patent)

7.    Analog re-alleges and incorporates by reference the allegations in paragraphs 1-6 above.

8.    There exists an actual case or controversy between Analog and American Patents concerning the alleged infringement of the '293 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

9.    Analog has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '293 Patent.

10.    For example, and without limitation, asserted claim 7 of the '293 Patent requires "a getbits processing engine operable to reverse the order of a group of consecutive data bits." However, the accused Analog products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

11.    Analog therefore seeks a declaration from this Court that Analog has not infringed and does not infringe any claim of the '293 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '293 Patent)

12.    Analog re-alleges and incorporates by reference the allegations in paragraphs 1-11

above.

13.     There exists an actual case or controversy between Analog and American Patents concerning the validity of the '293 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

14.     One or more claims of the '293 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.     For example, and without limitation, asserted claim 7 of the '293 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.

16.     Analog therefore seeks a declaration from this Court that one or more of the claims of the '293 Patent are invalid.

### THIRD COUNTERCLAIM

**(Declaratory Judgment of Non-Infringement of the '058 Patent)**

17.     Analog re-alleges and incorporates by reference the allegations in paragraphs 1-16 above.

18.     There exists an actual case or controversy between Analog and American Patents concerning the alleged infringement of the '058 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

19.     Analog has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '058 Patent.

20.     For example, and without limitation, asserted claim 1 of the '058 Patent requires a "getbits processing engine."   However, the accused Analog products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

21.     Analog therefore seeks a declaration from this Court that Analog has not infringed and does not infringe any claim of the '058 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '058 Patent)

22.     Analog re-alleges and incorporates by reference the allegations in paragraphs 1-21 above.

23.     There exists an actual case or controversy between Analog and American Patents concerning the validity of the '058 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

24.     One or more claims of the '058 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.     For example, and without limitation, asserted claim 1 of the '058 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.

26.     Analog therefore seeks a declaration from this Court that one or more of the claims of the '058 Patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '720 Patent)

27.     Analog re-alleges and incorporates by reference the allegations in paragraphs 1-26 above.

28.     There exists an actual case or controversy between Analog and American Patents concerning the alleged infringement of the '720 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

19

29.     Analog has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '720 Patent.

30.     For example, and without limitation, asserted claim 1 of the '720 Patent requires a "special-purpose processing unit" that "is operable to address a memory location with a value stored in a symbol register; retrieve an address from the addressed location; and store the retrieved address in the symbol register."   However, the accused Analog products identified in the Complaint do not meet these claim limitations, either literally, or under the doctrine of equivalents.

31.     Analog therefore seeks a declaration from this Court that Analog has not infringed and does not infringe any claim of the '720 Patent.

## SIXTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of the '720 Patent)**

32.     Analog re-alleges and incorporates by reference the allegations in paragraphs 1-31 above.

33.     There exists an actual case or controversy between Analog and American Patents concerning the validity of the '720 Patent by virtue of American Patents' Complaint and Analog's First Amended Answer and Affirmative Defenses thereto.

34.     One or more claims of the '720 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     For example, and without limitation, asserted claim 1 of the '720 Patent is anticipated and/or rendered obvious by commercial products such as the Motorola MC68020 and MC68881 processors.

36.     Analog therefore seeks a declaration from this Court that one or more of the claims

of the '720 Patent are invalid.

**PRAYER FOR RELIEF**

WHEREFORE, Analog prays that the Court enter judgment in its favor and against American Patents as follows:

A.    Declaring that the claims of the '293, '058, and/or '720 Patents have not been and are not being infringed by Analog;

B.    Declaring that the claims of the '293, '058, and/or '720 Patents are invalid;

C.    Denying all relief that American Patents seeks in its Complaint;

D.    Awarding Analog its expenses and costs in accordance with Rule 54(d) of the Federal Rules of Civil Procedure;

E.    Finding this case to be exceptional under 35 U.S.C. § 285 and awarding Analog its costs and attorneys' fees; and

F.    Awarding Analog any other relief that the Court deems just and proper.

Dated:  March 8, 2019                          Respectfully submitted,

By: */s/ Gilbert A. Greene*
Gilbert A. Greene
State Bar No. 24045976
Pierre J. Hubert
State Bar No. 24002317
DUANE MORRIS LLP
900 S. Capital of Texas Highway
Suite 300
Austin, Texas 78746
Tel: (512) 277-2300
Fax: (512) 277-2301
BGreene@duanemorris.com
PJHubert@duanemorris.com

**COUNSEL FOR DEFENDANT
ANALOG DEVICES, INC.**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of March 8, 2019, with a copy of the foregoing via the Court's CM/ECF system.


*/s/ Gilbert A. Greene*_____
Gilbert A. Greene