**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| AMERICAN PATENTS LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION No. 6:18-CV-356-ADA |
| | ) | |
| ANALOG DEVICES, INC., MARVELL | ) | JURY TRIAL DEMANDED |
| SEMICONDUCTOR, INC., MEDIATEK INC., | ) | |
| MEDIATEK USA INC., QUALCOMM | ) | |
| INCORPORATED, and QUALCOMM | ) | |
| TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT MARVELL SEMICONDUCTOR, INC.'S ANSWER, AFFIRMATIVE
DEFENSES AND COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED
COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Marvell Semiconductor, Inc. ("MSI"), by and through its undersigned counsel, hereby respond to the First Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiff American Patents LLC ("American Patents"). For the sake of convenience, MSI incorporates the headings appearing in the Complaint. MSI does not admit any allegation made in, or inference suggested by, such headings, and specifically denies the same. MSI denies all allegations in the Complaint that are not expressly admitted below.

**PARTIES**

1.      MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 1, and therefore denies same.

2.      MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 2, and therefore denies same.

3.      MSI is without sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations of paragraph 3, and therefore denies same.

4.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd. (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

5.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd. (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

6.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd. (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

7.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell Technology Group Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

8.      MSI admits that it is the registrant of a website at www.marvell.com and that the website may be updated from time to time.  With regard to any remaining allegations of paragraph 8, MSI denies those allegations.

9.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

10.      In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

11.      In light of the parties' agreed motion and the Court's Order dismissing Marvell

Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

12.     In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

13.     In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

14.     In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd.  (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

15.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 15, and therefore denies same.

16.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 16, and therefore denies same.

17.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore denies same.

18.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore denies same.

19.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19, and therefore denies same.

20.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20, and therefore denies same.

21.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 21, and therefore denies same.

22.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 22, and therefore denies same.

23.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 23, and therefore denies same.

24.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore denies same.

25.     MSI is without sufficient knowledge or information to form a belief as to the truth or MSI of the allegations of paragraph 25, and therefore denies same.

26.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 26, and therefore denies same.

27.     Whether the parties are properly joined is a legal conclusion, not a factual allegation, to which no response is required.  With respect to factual allegations of paragraph 27 related to other defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 27, and therefore denies same.  With regard to any remaining factual allegations of paragraph 27, MSI denies the allegations of paragraph 27.

## JURISDICTION AND VENUE

28.     MSI admits that American Patents filed this action alleging infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284-85.  MSI further admits that this Court has subject matter jurisdiction over patent actions generally under 28 U.S.C. §§ 1331 and 1338(a). MSI denies any remaining allegations of paragraph 28.

29.     With regard to the allegations against other Defendants, MSI is without sufficient

knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same. Subject to the mutual agreements herein between MSI and Plaintiff reflected in Dkt. No. 48, MSI agrees that, for this case only, it will not make any objections to venue or personal jurisdiction in this Court. With regard to any remaining allegations against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement, either in this District or otherwise.

30.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 30, and therefore denies same.

31.     With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same. Subject to the mutual agreements herein between MSI and Plaintiff reflected in Dkt. No. 48, MSI agrees that, for this case only, it will not make any objections to venue or personal jurisdiction in this Court. With regard to the allegations against Marvell Technology Group Ltd. and Marvell International, Ltd., in light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd. (Dkt. Nos. 48, 49), the allegations in this paragraph are moot. With regard to any remaining allegations of paragraph 31, MSI denies those allegations, including that MSI has committed any acts of patent infringement, either in this District or otherwise.

32.     In light of the parties' agreed motion and the Court's Order dismissing Marvell Technology Group Ltd. and Marvell International, Ltd. (Dkt. Nos. 48, 49), the allegations in this paragraph are moot.

33.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 33, and therefore denies same.

34.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34, and therefore denies same.

35.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore denies same.

## BACKGROUND

36.     MSI denies American Patents' characterization of the patents-in-suit, and any alleged technology disclosed therein.  MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 36, and therefore denies same.

37.     MSI denies American Patents' characterization of the state of the art prior to the patents-in-suit, and denies any remaining allegations of paragraph 37.

38.     MSI denies American Patents' characterization of the patents-in-suit, and any alleged technology disclosed therein.  MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations of paragraph 38, and therefore denies same.

## COUNT I

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,507,293

39.     MSI admits that the face of U.S. Patent No. 6,507,293 ("the '293 Patent") states that the United States Patent and Trademark Office issued the '293 Patent on January 14, 2003, and that the title of the '293 Patent is "Processing Circuit And Method For Variable-Length Coding And Decoding."  MSI denies the remaining allegations of paragraph 39, including that the '293 Patent was duly and legally issued.

40.     MSI is without sufficient knowledge or information to form a belief as to the truth

or falsity of the allegations of paragraph 40, and therefore denies same.

41.    MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 41, and therefore denies same.

42.    MSI admits that, as of the date of this response, the website at URL https://www.marvell.com/embedded-processors/armada-70xx/ contains information on the ARMADA 7K Family, including the Armada 7020.  MSI denies the remaining allegations of paragraph 42.

43.    MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43, and therefore denies same.

44.    MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 44, and therefore denies same.

45.    With regard to the allegations in paragraph 45 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

46.    With regard to the allegations in paragraph 46 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

47.    With regard to the allegations in paragraph 47 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

48.     With regard to the allegations in paragraph 48 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

49.     With regard to the allegations in paragraph 49 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

50.     With regard to the allegations in paragraph 50 against MSI, MSI admits that it did not have notice of the '293 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

51.     With regard to the allegations in paragraph 51 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

52.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 52, and therefore denies same.

<u>**COUNT II**</u>

<u>**DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,587,058**</u>

53.     MSI admits that the face of U.S. Patent No. 6,587,058 ("the '058 Patent") states that the United States Patent and Trademark Office issued the '058 Patent on July 1, 2003, and that the title of the '058 Patent is "Processing Circuit And Method For Variable-Length Coding

And Decoding."  MSI denies the remaining allegations of paragraph 53, including that the '058 Patent was duly and legally issued.

54.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 54, and therefore denies same.

55.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 55, and therefore denies same.

56.     MSI admits that, as of the date of this response, the website at URL https://www.marvell.com/embedded-processors/armada-70xx/  contains   information   on   the ARMADA 7K Family, including the Armada.  MSI denies the remaining allegations of paragraph 56.

57.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57, and therefore denies same.

58.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 58, and therefore denies same.

59.     With regard to the allegations in paragraph 59 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

60.     With regard to the allegations in paragraph 60 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

61.     With regard to the allegations in paragraph 61 against MSI, MSI denies those

allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

62.    With regard to the allegations in paragraph 62 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

63.    With regard to the allegations in paragraph 63 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

64.    With regard to the allegations in paragraph 64 against MSI, MSI admits that it did not have notice of the '058 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

65.    With regard to the allegations in paragraph 65 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

66.    MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 66, and therefore denies same.

## COUNT III

## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,262,720

67.     MSI admits that the face of U.S. Patent No. 7,262,720 ("the '720 Patent") states that the United States Patent and Trademark Office issued the '720 Patent on August 28, 2007, and that the title of the '720 Patent is "Processing Circuit And Method For Variable-Length Coding And Decoding."  MSI denies the remaining allegations of paragraph 67, including that the '720 Patent was duly and legally issued.

68.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 68, and therefore denies same.

69.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 69, and therefore denies same.

70.     MSI admits that, as of the date of this response, the website at URL https://www.marvell.com/embedded-processors/armada-70xx/ contains information on the ARMADA 7K Family, including the.  MSI denies the remaining allegations of paragraph 70.

71.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 71, and therefore denies same.

72.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 72, and therefore denies same.

73.     With regard to the allegations in paragraph 73 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

74.     With regard to the allegations in paragraph 74 against MSI, MSI denies those

11

allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

75.    With regard to the allegations in paragraph 75 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

76.    With regard to the allegations in paragraph 76 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

77.    With regard to the allegations in paragraph 77 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

78.    With regard to the allegations in paragraph 78 against MSI, MSI admits that it did not have notice of the '720 Patent prior to the filing of this action.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

79.    With regard to the allegations in paragraph 79 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

80.     MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 80, and therefore denies same.

**ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT**

81.     With regard to the allegations in paragraph 81 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

82.     With regard to the allegations in paragraph 82 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

83.     With regard to the allegations in paragraph 83 against MSI, MSI denies those allegations, including that MSI has committed any acts of patent infringement, indirectly or otherwise.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

84.     With regard to the allegations in paragraph 84 against MSI, MSI denies those allegations.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

85.     With regard to the allegations in paragraph 85 against MSI, MSI denies those

allegations.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

86.    With regard to the allegations in paragraph 86 against MSI, MSI denies those allegations.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

87.    With regard to the allegations in paragraph 87 against MSI, MSI denies those allegations.  With regard to the allegations against other Defendants, MSI is without sufficient knowledge or information to form a belief as to the truth or falsity of those allegations, and therefore denies same.

## JURY DEMAND

MSI admits that this paragraph contains a demand for jury trial to which no response is required.

## PRAYER FOR RELIEF

MSI specifically denies any factual assertions contained in the prayer for relief and further denies that American Patents is entitled to any relief sought in its prayer for relief.

## MSI'S AFFIRMATIVE DEFENSES

Without any admission as to the burden of proof, and subject to its responses above, MSI asserts the following defenses, upon information and belief, in response to the allegations of the Complaint.  Regardless of how such defenses are listed herein, MSI undertakes the burden of proof only as to those defenses that are deemed affirmative defenses as a matter of law.  MSI expressly reserves the right to amend or raise additional defenses pursuant to any docket control order or as

additional information becomes available through further investigation and discovery.

### First Affirmative Defense
### (Non-Infringement)

MSI has not infringed and does not infringe, directly, indirectly, literally or by the doctrine of equivalents, or in any other manner any valid and enforceable claim of the '293, '058, and/or '720 Patents.  For example, and without limitation, asserted claim 7 of the '293 Patent requires "a getbits processing engine operable to reverse the order of a group of consecutive data bits." However, the accused products identified in the Complaint do not meet these claim limitations, either literally, or under the doctrine of equivalents.  Similarly, asserted claim 1 of the '058 Patent requires a "getbits processing engine."   However, the accused products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.  Finally, asserted claim 1 of the '720 Patent requires a "special-purpose processing unit" that "is operable to address a memory location with a value stored in a symbol register, retrieve an address from the addressed location; and store the retrieved address in the symbol register."  However, the accused products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

### Second Affirmative Defense
### (Invalidity)

One or more claims of the '293, '058, and/or '720 Patents are invalid for failure to satisfy one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112 including obviousness-type double patenting.  For example, and without limitation, asserted claim 7 of the '293 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.  Similarly, asserted claim 1 of the '058 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.   Finally, asserted

claim 1 of the '720 Patent is anticipated and/or rendered obvious by commercial products such as the Motorola MC68020 and a MC68881 processors.

### Third Affirmative Defense
### (Prosecution History Estoppel)

By reason of statements, representations, admissions, concessions, arguments, omissions and/or amendments made by and/or on behalf of the applicants during the prosecution of the applications that led to the issuance of the '293, '058, and '720 Patents, American Patents' claims of patent infringement are barred, in whole or in part, by the doctrine of prosecution history estoppel and/or disclaimer.

### Fourth Affirmative Defense
### (Statutory Limit on Damages)

American Patents' claims for damages and/or costs are statutorily limited by 35 U.S.C. §§ 286-287.  Specifically, on information and belief, any claim for pre-suit damages is barred, in whole or in part, for failure to comply with the marking and notice requirements of 35 U.S.C. § 287.

### Fifth Affirmative Defense
### (Express License, Implied License, and Patent Exhaustion)

American Patents' claims are barred, in whole or in part, by express license agreements and/or under the doctrines of implied license, or patent exhaustion.  More specifically, American Patents' claims for damages for infringement are limited or entirely foreclosed to the extent that allegedly infringing components and/or products are supplied, directly or indirectly, to MSI by an entity or entities having a license to the '293, '058, and/or '720 Patents, or are imported, sold by, offered for sale by, made by, or made for, any entity or entities having express or implied licenses to the '293, '058, and/or '720 Patents.  Moreover, American Patents' claims are precluded under the doctrine of patent exhaustion.

**Sixth Affirmative Defense**
**(Equitable Defenses)**

American Patents' claims are barred, in whole or in part, by the doctrines of waiver, implied

waiver, acquiescence, equitable estoppel, unclean hands and/or other equitable remedies.

**Seventh Affirmative Defense**
**(Government Use)**

To the extent that any accused product has been used or manufactured by or for the United

States Government, American Patents' claims and demands for relief are barred by 28 U.S.C. §

1498.

**Eighth Affirmative Defense**

**(Lack of Standing)**

American Patents lacks the requisite standing to bring an action for infringement of the

'293, '058, and/or '720 Patents against MSI, as American Patents is not the owner, by assignment,

of any of the '293, '058, or '720 Patents.

**Ninth Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted.

**Reservation of Remaining Defenses**

MSI reserves all defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the

Patent Laws of the United States, and any other defenses, at law or in equity, which may now exist

or in the future be available based on discovery and other factual investigation in the case.

## MSI'S COUNTERCLAIMS

1.      This is an action seeking declaratory judgements of non-infringement and invalidity

of U.S. Patent No. 6,507,293 ("the '293 Patent"), U.S. Patent No. 6,587,058 ("the '058 Patent"),

and U.S. Patent No. 7,262,720 ("the '720 Patent").

## THE PARTIES

2.      Counterclaimant Marvell Semiconductor, Inc. ("MSI") is a California corporation and has a place of business at 5488 Marvell Lane Santa Clara, CA 95054.

3.      Upon information and belief, Counterclaim Defendant American Patents LLC ("American Patents") is a Texas limited liability company with its principal place of business at 2325 Oak Alley, Tyler, Texas 75703.

4.      American Patents has submitted to the personal jurisdiction of this Court by bringing the present action against MSI.

5.      This action arises under the Patent Laws of the United states, 35 U.S.C. §§ 100, et seq., and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an actual justiciable controversy between MSI and American Patents.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

6.      Subject to the agreements and representations made in the Joint Motion to Substitute Parties (Dkt. 48), and for purposes of this action only, venue is proper here as to these Counterclaims under 28 U.S.C. §§ 1391 and 1400(b).

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '293 Patent)

7.      MSI re-alleges and incorporates by reference the allegations in paragraph 1-6 above.

8.      There exists an actual case or controversy between MSI and American Patents concerning the alleged infringement of the '293 Patent by virtue of American Patents' First

Amended Complaint ("Complaint") and MSI's Answer and Affirmative Defenses thereto.

9.      MSI has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '293 Patent.

10.     For example, and without limitation, asserted claim 7 of the '293 Patent requires "a getbits processing engine operable to reverse the order of a group of consecutive data bits." However, the accused products identified in the Complaint do not meet these claim limitations, either literally, or under the doctrine of equivalents.

11.     MSI therefore seeks a declaration from this Court that MSI has not infringed and does not infringe any claim of the '293 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '293 Patent)

12.     MSI re-alleges and incorporates by reference the allegations in paragraph 1-11 above.

13.     There exists an actual case or controversy between MSI and American Patents concerning the validity of the '293 Patent by virtue of American Patents' Complaint and MSI's Answer and Affirmative Defenses thereto.

14.     One or more claims of the '293 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

15.     For example, and without limitation, asserted claim 7 of the '293 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.

16.     MSI therefore seeks a declaration from this Court that one or more of the claims of the '293 Patent are invalid.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '058 Patent)

17.     MSI re-alleges and incorporates by reference the allegations in paragraph 1-16 above.

18.     There exists an actual case or controversy between MSI and American Patents concerning the alleged infringement of the '058 Patent by virtue of American Patents' Complaint and MSI's Answer and Affirmative Defenses thereto.

19.     MSI has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '058 Patent.

20.     For example, and without limitation, asserted claim 1 of the '058 Patent requires a "getbits processing engine."   However, the accused products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents.

21.     MSI therefore seeks a declaration from this Court that MSI has not infringed and does not infringe any claim of the '058 Patent.

## FOURTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '058 Patent)

22.     MSI re-alleges and incorporates by reference the allegations in paragraph 1-21 above.

23.     There exists an actual case or controversy between MSI and American Patents concerning the validity of the '058 Patent by virtue of American Patents' Complaint and MSI's Answer and Affirmative Defenses thereto.

24.     One or more claims of the '058 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but

20

not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

25.    For example, and without limitation, asserted claim 1 of the '058 Patent is anticipated and/or rendered obvious by U.S. Pat. No. 5,638,531.

26.    MSI therefore seeks a declaration from this Court that one or more of the claims of the '058 Patent are invalid.

## FIFTH COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '720 Patent)

27.    MSI re-alleges and incorporates by reference the allegations in paragraph 1-26 above.

28.    There exists an actual case or controversy between MSI and American Patents concerning the alleged infringement of the '720 Patent by virtue of American Patents' Complaint and MSI's Answer and Affirmative Defenses thereto.

29.    MSI has not infringed and does not infringe, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '720 Patent.

30.    For example, and without limitation, asserted claim 1 of the '720 Patent requires a "special-purpose processing unit" that "is operable to address a memory location with a value stored in a symbol register, retrieve an address from the addressed location; and store the retrieved address in the symbol register."  However, the accused products identified in the Complaint do not meet this claim limitation, either literally, or under the doctrine of equivalents

31.    MSI therefore seeks a declaration from this Court that MSI has not infringed and does not infringe any claim of the '720 Patent.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '720 Patent)

32.     MSI re-alleges and incorporates by reference the allegations in paragraph 1-31 above.

33.     There exists an actual case or controversy between MSI and American Patents concerning the validity of the '720 Patent by virtue of American Patents' Complaint and MSI's Answer and Affirmative Defenses thereto.

34.     One or more claims of the '720 Patent are invalid for failure to meet one or more of the requirements for patentability set forth in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

35.     For example, and without limitation, asserted claim 1 of the '720 Patent is anticipated and/or rendered obvious by commercial products such as the Motorola MC68020 and a MC68881 processors.

36.     MSI therefore seeks a declaration from this Court that one or more of the claims of the '720 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, MSI prays that the Court enter judgment in its favor and against American Patents as follows:

A.     Declaring that the claims of the '293, '058, and/or '720 Patents have not been and are not being infringed by MSI;

B.     Declaring that the claims of the '293, '058, and/or '720 Patents are invalid;

C.     Denying all relief that American Patents seeks in its Complaint;

D.     Awarding MSI its expenses and costs in accordance with Rule 54(d) of the

22

Federal Rules of Civil Procedure;

      E.     Finding this case to be exceptional under 35 U.S.C. § 285 and awarding

MSI its costs and attorneys' fees; and

      F.     Awarding MSI any other relief that the Court deems just and proper.


Dated:  April 25, 2019                 Respectfully submitted,

                                       */s/ Gilbert A. Greene*
                                       Gilbert A. Greene
                                       State Bar No. 24045976
                                       Pierre J. Hubert
                                       State Bar No. 24002317
                                       DUANE MORRIS LLP
                                       900 S. Capital of Texas Highway
                                       Suite 300
                                       Austin, Texas 78746
                                       Tel: (512) 277-2300
                                       Fax: (512) 277-2301
                                       BGreene@duanemorris.com
                                       PJHubert@duanemorris.com

                                       **COUNSEL FOR MARVELL**
                                       **SEMICONDUCTOR, INC.**

**CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of April 25, 2019, with a copy of the foregoing via the Court's CM/ECF system.


<u>*/s/ Gilbert A. Greene*</u>
Gilbert A. Greene